**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TERI W. TERWILLIGER,
an individual,

                                           Case No.:

      Plaintiff,

v.

TATE & KIRLIIN ASSOCIATES, INC.,
foreign entity,

      Defendant.

_____/

**COMPLAINT**

Plaintiff, TERI W. TERWILLIGER (hereinafter, "Plaintiff"), alleges the following Complaint against Defendant, TATE & KIRLIN ASSOCIATES, INC. (hereinafter, "Defendant").

**PRELIMINARY STATEMENT**

1.     This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 *et seq.* (hereinafter, "TCPA"), the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et seq.* ("FDCPA")  and Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts, wherein Defendant unlawfully attempts to collect a consumer debt from Plaintiff via harassing and unlawful means, including unlawful calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, despite lacking Plaintiff's consent to make such calls to her cellular telephone.

**JURISDICTION, PARTIES, AND VENUE**

2.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA & FDCPA claim and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

4.     At all material times herein, the conduct of Defendant, complained of below, occurs in Hillsborough County, Florida.

5.     At all material times herein, Plaintiff is an individual residing in Hillsborough County, Florida.

6.     At all material times herein, Defendant is a foreign entity that, themselves and through their subsidiaries, regularly collects debts from consumers in Hillsborough County, Florida.

7.     At all material times herein, Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

8.     At all material times herein, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9.     Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number, (813-XXX-6929) (hereinafter, "Plaintiff's Cellular Telephone"), and was the called party and recipient of Defendant's auto-dialed calls, as referenced below.

## FCCPA AND FDCPA STATUTORY STRUCTURE

10.     The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer

debts as well as to protect against the invasion of individual privacy.  15 U.S.C., §§ 1692(a) and (e);
Fla. Stat. §§ 559.55 and 559.77(5).

11.     The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes
liability on any creditor/person as well as any debt collector—who "uses any instrumentality of
interstate commerce or the mails in any business the principal purposes of which is the collection of
any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due
or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative
conduct in connection with collecting consumer debts.  15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

12.     Specifically,  the  FDCPA  and  FCCPA  prohibit  unlawful  debt  collection
"communication"  with  consumer  debtors,  which  is  defined  as  "the  conveying  of  information
regarding a debt *directly or indirectly* to any person *through any medium*."  15 U.S.C. § 1692(a)(2);
Fla. Stat. § 559.55(2) (emphasis added).

### TCPA STATUTORY STRUCTURE

13.     Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and
increasing use of cost-effective telemarketing techniques.  Pub L. 102-243, § 2, Dec. 20, 1991,
105 Sta. 2394 (1) and (8).

14.     Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of
privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only
effective means of protecting telephone consumers from this nuisance and privacy invasion."  Id. at
(5) and (12).

15.     Under the TCPA, any person who initiates calls to any number assigned to a cellular
telephone service using any automated telephone dialing system or artificial or prerecorded voice
without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up

to $500.00 in damages for each violation of the TCPA, whichever is greater.  47 U.S.C. § 227(b)(3)(B).

16.     Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA.  *Id*. at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

17.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

18.     At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

19.     At all material times herein, Defendant is a "debt collector" as defined by the FDCPA.

20.     At all material times herein, Defendant attempts to collect a consumer debt, including but not limited to, a personal credit card balance, Account No. -0195, allegedly owed by Plaintiff. (hereinafter, the "Debt").

21.     At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

22.     At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

23.     At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as a "communication" as defined by Florida Statutes, Section 559.55(2).

24.     At all material times herein, Defendant acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

25.     Plaintiff retained undersigned counsel for purposes of this matter, and Plaintiff is obligated to pay her attorneys a reasonable fee and reimburse her attorneys for reasonable costs expended in this action.

26.     All necessary conditions precedent to the filing of this action occurred or Defendant waived the same.

## FACTUAL ALLEGATIONS

27.     Plaintiff was the victim of identity theft in or around 2009.

28.     As a result, multiple credit card accounts were opened under the guise of her name.

29.     In or around March 2019, Defendant began placing automated calls to Plaintiff's cellular telephone.

30.     During multiple conversations, Plaintiff advised Defendant that she did not owe this debt; she was a victim of identity theft; and requested Defendant to stop calling her cellular telephone.

31.     Despite Plaintiff's requests that Defendant cease calls to Plaintiff's Cellular Telephone, Defendant continued to place calls to Plaintiff's Cellular Telephone in attempts to collect the Debt.

32.     As a result, Defendant's subsequent, repeated attempts to induce payment were made with the intent to exhaust Plaintiff's will and harass Plaintiff.

33.     When Plaintiff answered Defendant's calls to her Cellular Telephone, Plaintiff would have to say "hello" multiple times before being connected with a representative.

34.   Such a pause after answering is a tell-tale indication of Defendant's use of an automatic telephone dialing system or predictive telephone dialing system.

35.   Defendant—or their authorized vendor or third-party agent acting within a scope of authority granted by Defendant, with the knowledge of Defendant, and under the control of the Defendant—used an automated telephone dialing system or predictive telephone dialing system to place calls to Plaintiff's Cellular Telephone.

36.   Further, Defendant mailed Plaintiff a collection letter, which she received, attempting to collect the Debt.  A true and correct copy is attached as **Exhibit A**.

37.   Defendant's conduct caused Plaintiff to suffer injuries in fact through significant anxiety, emotional distress, frustration, and anger.

38.   Florida Statutes, Section 559.77, provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

39.   The FDCPA provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

40.   United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

41.   Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic

telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICES –**
**VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through forty-one (41) as if fully restated herein and further states as follows:

42.    Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting the consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

43.    Specifically, as noted above, although Plaintiff repeatedly explicitly revoked consent, requested/demanded that the direct collection communication cease, and explained why she was refused to pay the Debt, Defendant nevertheless continued to call Plaintiff's Cellular Telephone in its attempts to collect the Debt.

44.    As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692d, 1692d(5), and**
**1692e(2)A)**

Plaintiffs re-allege paragraphs one (1) through forty-one (41) as if fully restated herein and further state as follows:

45.    Defendant is subject to, and violated the provisions of, United States Code, Sections 1692d, 1692d(5), and 1692e(2)(A) by engaging on conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including—but not limited to—causing a telephone to ring or engaging any person in telephone conversation repeatedly

or continuously with the intent to annoy, abuse, or harass any person at the called number and by attempting to collect an amount not owed.

46.     Specifically, although Plaintiff advised Defendant that she did not owe the Debt, Defendant continued to cause Plaintiff's Cellular Telephone to ring with the intent of harassing, annoying, or abusing Plaintiff into payment of the Debt.

47.     Accordingly, Defendant violated 15 United States Code, Sections 1692d, 1692d(5), and 1692e(2)(A).

48.     As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by United States Code, Section 1692k.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through forty-one (41) as if fully restated herein and further states as follows:

49.     Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

50.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to unlawfully call Plaintiff's Cellular Telephone in its attempts to collect the Debt.

51.     Defendant's telephone calls complained of herein are the result of repeated willful and knowing violations of the TCPA.

52.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

       i.   The periodic loss of her cell phone service;

    ii.  Lost material costs associated with the use of cell phone minutes allotted under her cell phone service contract;

    iii.  The expenditure of costs and attorney's fees associated with the prosecution of this matter;

    iv.  Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    v.  Statutory damages.

**COUNT FOUR:**
**INVASION OF PRIVACY-INTRUSION UPON SECLUSION**

53.    Plaintiff re-alleges paragraphs one (1) through forty-one (41) as if fully restated herein and further states as follows:

54.    Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another." *See Purrelli v. State Farm Fire and Cas. Co*., 698 So. 2d 618, 620 (Fla. 2d DCA 1997).

55.    Defendant violated Plaintiff's privacy.

56.    Defendant's violations include, but are not limited to, the following:

    a.    Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by intentionally placing voluminous annoying, hounding, and harassing telephone calls to Plaintiff in an attempt to collect on an alleged debt despite Plaintiff's numerous requests for the calls to cease.

    b.    Defendant intentionally, and not accidently, generated a high frequency of telephone calls to Plaintiff after Plaintiff's multiple requests for the telephone calls to cease.

57.     Defendant's conduct is unreasonable and highly offensive to a reasonable person as Defendant's frequent telephone calls often interrupted Plaintiff's work and sleep schedule.

58.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the Debt.

59.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated harassing and hounding telephone call campaign, which continued even after Plaintiff requested that the calls cease.

60.     As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against Defendant declaring that Defendant violated the FCCPA;

b.     Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c.     Judgment against Defendant for maximum statutory damages for violations of the TCPA;

d.     Judgment against Defendant declaring that Defendants invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion;

e.     Actual damages;

f.     An award of attorneys' fees and costs; and

g.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates

safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation

as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*